[Cite as *Brown v. Burnett*, 2018-Ohio-2328.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| PATRICIA A. BROWN | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2017-CA-86 |
| | : | |
| v. | : | Trial Court Case No. 15-CV-207 |
| | : | |
| HARLAN BURNETT, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of June, 2018.

. . . . . . . . . . .

JOSEPH P. MOORE, Atty. Reg. No. 0014362, and BRIAN HUELSMAN, Atty. Reg. No. 0055444, 262 James E. Bohanan Memorial Drive, Vandalia, Ohio 45377
    Attorney for Plaintiff-Appellant

PAUL J. KAVANAGH, Atty. Reg. No. 0065418, 333 N. Limestone Street, P.O. Box 1687, Springfield, Ohio 45501
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Patricia A. Brown appeals from the trial court's September 29, 2017 "Entry Adopting the Magistrate's Decision" and overruling her objections to the magistrate's evidentiary rulings.

{¶ 2} The present appeal stems from a residential real-estate transaction involving Brown, the buyer, and defendants-appellees Harlan and Mary Burnett, the sellers. Shortly after purchasing the home, Brown discovered significant water intrusion inside the exterior walls and resulting mold in various locations. She paid roughly $85,000 to remedy the problem and to remediate the mold. Brown subsequently sued the Burnetts for failing to disclose the water-related problems on a residential property disclosure form they completed prior to the sale. The parties consented to a jury trial before a magistrate. Prior to trial, however, the magistrate sustained in part and overruled in part a motion in limine filed by the Burnetts. The magistrate substantially limited the testimony of three of Brown's expert witnesses with regard to the mold. The magistrate concluded that Brown's fourth expert was qualified to testify more extensively on the subject and overruled the motion with regard to that expert.

{¶ 3} The case proceeded to trial in January 2017. The primary issue was whether the Burnetts had knowledge of the water and mold problem when they sold the home. Brown attempted to question her experts about the age of the mold in the home and when it appeared in various locations. The Burnetts objected based on the magistrate's liminal ruling. The magistrate again precluded three of Brown's experts from opining on the subject while granting a fourth expert more leeway. After hearing the evidence presented, the jury rendered a verdict for the Burnetts. The verdict was memorialized in a January

24, 2017 filing styled as a "Judgment" signed by the magistrate and by the trial court judge. (Doc. # 61). Brown filed objections on February 3, 2017 and, later, supplemental objections to the magistrate's "Decision." (Doc. #63, 72). In her objections, Brown claimed the magistrate had erred in (1) limiting her experts' testimony about the mold and (2) allowing the Burnetts' son-in-law to testify that a particular water spot "looked fresh."

{¶ 4} On September 29, 2017, the trial court filed the entry from which Brown has appealed. It is captioned as an "Entry Adopting the Magistrate's Decision" and includes the words "Final Judgment" in the caption. (Doc. #76). In the body of the filing, the trial court accepts the magistrate's "findings of fact and conclusions of law," overrules Brown's objections, and adopts the magistrate's "Decision" as the trial court's final, appealable order. (*Id.* at 1-2).

{¶ 5} On January 8, 2018, this court filed a show-cause order, directing Brown to show cause why her appeal should not be dismissed for lack of jurisdiction. Specifically, this court explained:

> Here, the September 29 Entry resolves objections to and adopts the magistrate's decision. It does not, however, contain the trial court's own order entering judgment and resolving the matter before the court. Because the Entry does not contain the trial court's own judgment, the parties must refer to and compare two separate documents to understand their rights and obligations. To avoid this confusing situation, this court and others have required trial courts reviewing a magistrate's decision to state their judgments in such a way that the parties need not refer to any other documents to understand their rights and responsibilities. [Citations

omitted.]. An order that does not satisfy these standards is generally not a final appealable order.

{¶ 6} In a one-paragraph response to the show-cause order, Brown stated:

Now comes the Appellant, Patricia A. Brown by and through counsel [and] responds to the Court's Show Cause Order. Appellant, Patricia A. Brown understands the Court has deemed the Trial Court's Entry filed September 29, 2017 to not be a final Appealable Order because certain language has not been placed in said Order. Appellant, Patricia A. Brown requests this Court to provide instructions to the Trial Court regarding the specific language that is sought so that the matter may proceed forward.

{¶ 7} For their part, the Burnetts argued that the appealable judgment was the January 24, 2017 entry on the jury verdict signed by the magistrate and the trial court judge. The Burnetts asserted that "[t]here was no magistrate decision to be objected to since the decision was a verdict of a jury." The Burnetts argued that Brown should have filed objections from the magistrate's tentative pretrial liminal ruling, not from the January 24, 2017 entry of judgment on the jury verdict. After reviewing the parties' responses, this court filed a March 14, 2018 decision and entry advising that it would take up the jurisdictional issue with the merits of the case.

{¶ 8} In her amended appellate brief, Brown now addresses the jurisdictional issue as follows:

This Court has jurisdiction based on the Final Judgment filed by the Trial Court on September 29, 2017. The Judgment adopts the ruling of the Magistrate and further the parties fully understand the outcome of the case.

The Trial Court went on to equally split the court costs involved so as to resolve all issues therein. Therefore, the Final Judgment was adequate enough to permit jurisdiction for this Court.

If the Court finds that the Judgment of January 24, 2017 was appropriate as an adoption of the jury verdict and not a Decision of the Magistrate then the Final Judgment filed September 29, 2017 allows for this Court to have jurisdiction because the proper language was presented in the Trial Court's Final Judgment and the appeal herein was timely filed.

{¶ 9} Upon review, we conclude that the January 24, 2017 filing styled as a "Judgment" that memorialized the jury verdict was, in substance if not in form, a magistrate's decision. Even when parties consent to a jury trial before a magistrate, they may file objections to the proceedings and the trial court retains ultimate authority over the magistrate's rulings. *Hartt v. Munobe*, 67 Ohio St. 3d 3, 5-6, 615 N.E.2d 617 (1993). "When a jury serves as the trier of fact, however, its findings will not be subject to attack as are a [magistrate's] findings. *Nevertheless, a party may still object to the [magistrate's decision] or proposed entry on the basis of errors such as evidentiary rulings* or jury instructions. If the court finds that such error occurred, it may reject or modify the [decision], return the [decision] to the [magistrate] with instructions or hear the matter itself. * * * Thus, even where a jury is the factfinder, the trial court remains as the ultimate determiner of alleged error by a [magistrate]."[1] (Emphasis added.) *Id.* at 6; *see also Dixon*

---

[1] Although *Hartt* involved the former version of Civ.R. 53 that referred to "referees" and "reports," the Ohio Supreme Court's reasoning is equally applicable to magistrates and decisions under the current version of the rule.

*v. O'Brien*, 7th Dist. Mahoning No. 09 MA 123, 2011-Ohio-3399, ¶ 28-29 ("Magistrates are required to prepare a magistrate's decision with respect to any matter referred under Civ.R. 53(D)(1), which includes after presiding over a jury trial by consent of the parties[.] * * * Here, the magistrate failed to issue a decision after the jury trial. Instead, several days after trial, both the magistrate and the trial court simultaneously entered judgment on the jury verdict. This error deprived the parties of an opportunity to object to issues arising at trial, in contravention of Civ.R. 53."); *Gilson v. Am. Inst. of Alternative Med.*, 2016-Ohio-1324, 62 N.E.3d 754, ¶ 75-76 (10th Dist.) (citing *Dixon* for the proposition that a magistrate must file a magistrate's decision even after a jury trial).

{¶ 10} In light of the foregoing authority, we conclude that the January 24, 2017 "Judgment" on the jury verdict signed by the magistrate effectively was a magistrate's decision from which Brown could, and did, file timely objections to challenge the magistrate's evidentiary rulings. The trial court overruled those objections and adopted the magistrate's decision on September 29, 2017. As this court noted in its January 8, 2018 show-cause order, however, the trial court's filing lacks its own order entering judgment and resolving the matter before it. In particular, the trial court's September 29, 2017 filing lacks the sort of language found in the January 24, 2017 magistrate's decision that tentatively disposed of the case (subject to objections and further review by the trial court) by stating: "In conformity with the verdict of the jury, it is ordered and adjudged that the Plaintiff take nothing, that the action be dismissed on the merits and that all court costs be paid by the Plaintiff." (Doc. #61).

{¶ 11} Nowhere in the trial court's September 29, 2017 filing do we find similar language entering judgment for the Burnetts on the jury verdict. Nor does the trial court's

filing address the issue of court costs for the entire case. It simply orders the parties to split the costs associated with Brown's objections. As this court explained in its show-cause order, the trial court's filing improperly requires the parties to refer to and compare two separate documents to understand their rights and obligations. Therefore, we conclude, based on precedent from this court and elsewhere, that the September 29, 2017 entry from which Brown has appealed is not an appealable order. *See, e.g., Bennett v. Bennett*, 2012-Ohio-501, 969 N.E.2d 344, ¶ 21 (2d Dist.) ("The 'Entry' the court filed on June 28, 2011, from which this appeal is taken, fails to contain an order or orders that state the relief the court granted the parties concerning the matters in the magistrate's decision to which George filed his two objections, in order that the parties could determine and be aware of their rights and obligations solely from the court's judgment, separate from the magistrate's decision to which the judgment also makes reference. * * * We therefore lack jurisdiction to review the error assigned."); *Harkai v. Scherba Indus., Inc.*, 136 Ohio App. 3d 211, 218, 736 N.E.2d 101 (9th Dist. 2000) ("Although the judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided.").

{¶ 12} Because no appealable order exists, we lack jurisdiction to review the merits of Brown's appeal.[2]  Accordingly, the appeal is dismissed.

. . . . . . . . . . . .


DONOVAN, J. and FROELICH, J., concur.

---

[2] Although the author of this opinion dissented in the *Bennett* case referenced above, the issue in *Bennett* now has been decided and stare decisis requires adherence to that precedent.

Copies mailed to:

Joseph P. Moore
Brian Huelsman
Paul J. Kavanagh
Hon. Richard J. O'Neill