[Cite as *Kerkay v. Kerkay*, 2023-Ohio-1479.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| COLLEEN KERKAY, | : | |
| Plaintiff-Appellee/ Cross-Appellant, | : | |
| | | No. 111894 |
| v. | | |
| JEFFREY KERKAY, | : | |
| Defendant-Appellant/ Cross-Appellee. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** May 4, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-21-385205

---

### *Appearances:*

John J. Ready and Associates, John J. Ready, and Sarah E. English, *for appellee/cross-appellant.*

Lanter Legal, LLC, and Joseph J. Lanter, *for appellant/cross-appellee.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant/cross-appellee Jeffrey Kerkay ("Jeffrey") appeals the trial court's judgment granting a decree of divorce. Specifically, Jeffrey challenges the trial court's findings concerning the date of marriage termination, valuation and division of property, the amount of spousal support, and attorney fees.[1] Plaintiff-appellee/cross-appellant Colleen Kerkay ("Colleen") filed a notice of cross appeal.[2] For the reasons that follow, the appeal is dismissed for lack of a final appealable order.

**Background**

{¶ 2} Jeffrey and Colleen were married on August 12, 2000. Colleen filed for divorce on May 6, 2021. The matter proceeded to trial over three days in May 2022. On August 25, 2022, the trial court issued a judgment entry of divorce. In the judgment entry of divorce, the trial court made findings regarding the couple's real property, which included the marital home and a townhouse in Olmsted Township, Ohio; property Jeffrey inherited from his mother in Strongsville, Ohio; property in Denver, Colorado, that was purchased prior to marriage but sold during the marriage; and property on Middle Bass Island, Ohio.

{¶ 3} The record reflects that the Middle Bass Island property is comprised of two parcels or lots, identified in Plaintiff's exhibit No. 27 and Defendant's Exhibit A. One parcel, Burgundy Bay 3 — Lots 438 and 439, is developed with a house and has an

---

[1] *See* appendix.
[2] *See* appendix.

appraised value of $178,000. That parcel is titled in Colleen's name only. The other parcel is a vacant lot that was purchased for $20,000, with no mortgage or appraised value, titled in both Colleen and Jeffrey's name.

{¶ 4} Colleen testified that, in 2020, Jeffrey agreed to quitclaim the deed of the house to her as part of their mediation process. Colleen subsequently refinanced the house in her name only and began making the mortgage payments on the house. The quitclaim deed, however, was for the house only; the vacant lot was never put in Colleen's name. Colleen testified that the vacant lot was across the street from her parents' house, had a gas or electric and water hookup, and was not for sale. Defendant's Exhibit A, the Financial Disclosure Statement and Affidavit, identified the Middle Bass Island property as follows: "169 Anchor Lane plus additional lot, 43446" with a present fair market value of "$178,000 + $20,000" with a monthly mortgage payment secured by Wells Fargo.

{¶ 5} In its judgment entry of divorce, the trial court divided the property as follows:

> The Court finds that one or both of the parties have an ownership or leasehold interest in real property located at 169 Anchor Lane, Middle Bass Island, Ohio, 43446. The property has a mortgage associated[,] which Plaintiff had refinanced so that the mortgage was solely in her name. Plaintiff testified that both Parties signed a Quit Claim Deed in favor of Plaintiff to said property. The Court finds that the property should be awarded to the Plaintiff.

**Lack of Final Order**

{¶ 6} This court's appellate jurisdiction is limited to reviewing judgments and orders that are final. *See* Article IV, Section 3(B)(2), Ohio Constitution;

R.C. 2505.02 and 2505.03. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6. Although neither party raised the issue of jurisdiction, this court has a duty to examine, sua sponte, potential deficiencies in jurisdiction. *See, e.g., Scanlon v. Scanlon*, 8th Dist. Cuyahoga No. 97724, 2012-Ohio-2514, ¶ 5.

{¶ 7} R.C. 3105.171(C)(1) mandates an equal division of marital property, or "'if an equal division is inequitable, the court must divide the marital property equitably.'" *Bandza v. Bandza*, 8th Dist. Cuyahoga No. 110259, 2021-Ohio-4011, ¶ 14, quoting *Neville v. Neville*, 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, ¶ 5; R.C. 3105.171(F). Civ.R. 75(F)(1) provides that a trial court cannot enter a final judgment in a divorce proceeding without a division of the parties' property. Accordingly, a divorce decree that leaves issues unresolved relating to property division is not a final order. *Oliver v. Oliver*, 5th Dist. Tuscarawas No. 2011 AP 11 0044, 2012-Ohio-3483, ¶ 27, citing *Muhlfelder v. Muhlfelder*, 11th Dist. Lake Nos. 2000-L-183 and 2000-L-184, 2002 Ohio App. LEXIS 1201, 1 (Mar. 15, 2002) ("A divorce decree which leaves issues relating to the property division unresolved is not a final order"). *See also Criteser v. Criteser*, 9th Dist. Lorain No. 09CA009688, 2010-Ohio-2991, ¶ 6; *Jones v. Jones*, 4th Dist. Highland No. 18CA10, 2019-Ohio-2684, ¶ 9.

{¶ 8} In *Hillgrove v. Hillgrove*, 1st Dist. Hamilton No. C-220150, 2023-Ohio-198, the First Appellate District addressed a similar issue where the domestic relations

court failed to divide certain real property as part of the divorce decree. The court focused on the decree's clarity and whether the failure to reference the properties directly or even inferentially made the decree unclear for future enforcement and precluded the parties from understanding the outcome of four disputed properties. *Id*. at ¶ 10-11. The court held that because the parties disputed the division of real property, the decree lacked clarity and left the parties with a lack of understanding. *Id*. at ¶ 11. The appellate court determined that the final decree of divorce was not a final appealable order. *Id*. at ¶ 14.

{¶ 9} Likewise, the divorce decree in this case lacks clarity and leaves the party with a lack of understanding regarding the Middle Bass Island property. In her second cross-assignment of error, Colleen argues that the trial court's failure to award the vacant lot in its division of property was merely a clerical error or oversight because both parties testified that Colleen would retain the Middle Bass Island property. Jeffrey argues in his second error on appeal that the trial court's failure to include this vacant lot parcel in the judgment entry of divorce supports his contention that the court abused its discretion in making an equitable division of martial property. According to Jeffrey, the parties had agreed that Colleen would retain the property but would divide the equity in the property.

{¶ 10} In her closing argument brief filed post-trial, Colleen agreed that when she refinanced the parcel containing the home, the marital equity was $91,173.77. She proposed that she would retain the equity in the Middle Bass Island property. In exchange, she proposed Jeffrey retain the marital equity in the Olmsted

Township townhome real property ($67,874.98) and the Strongsville real property ($21,122.94), for a total of $88,997.92. In the judgment entry of divorce, the trial court ordered Jeffrey to pay Colleen one-half of the equity in both the Olmsted Township townhome and Strongsville real properties but did not award Jeffrey one-half of the Middle Bass Island marital equity.[3] On appeal, Jeffrey argues that this is an inequitable division of property. Thus, while both parties may have agreed that Colleen would retain the whole of the Middle Bass Island property, it appears the parties were submitting to the court how that asset would be divided.

{¶ 11} The plain language of the judgment entry of divorce only addresses and awards Colleen the Middle Bass Island parcel containing the home — the vacant lot parcel is not discussed. The parties do not dispute this fact; as mentioned, Colleen's second cross-assignment of error on appeal argues that the trial court erred by failing to order Jeffrey to transfer the vacant lot parcel to her. Although the domestic relations court may very well have intended to award Colleen both parcels, we cannot discern the court's intent based on the record before this court.

{¶ 12} The domestic relations judgment entry of divorce failed to dispose of the vacant lot on Middle Bass Island; consequently, the decree does not constitute a final order and we do not have jurisdiction to consider this appeal.

{¶ 13} Case dismissed.

---

[3] It would be premature for this court to opine whether the property division was equitable; we cite Colleen's closing brief on appeal and the parties' assignments of error to illustrate that the parties lacked an actual agreement with respect to the subject property and submitted the issue to the court for resolution.

It is ordered that the appellant and the appellee share the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EMANUELLA D. GROVES, J., CONCUR

# Appendix — Assignments of Error

## Jeffrey's Assignments of Error

I.  The trial court abused its discretion when it failed to use a de facto termination of marriage date.

II.  The trial court abused its discretion when it failed to value marital property, consider the R.C. 3105.171(F) factors when making a division of marital property, and by failing to make written findings of fact supporting the determination that the marital property has been equitably divided.

III. The trial court abused its discretion when it awarded Plaintiff spousal support from Defendant in the sum of $3,000.00 per month for a term of sixty (60) months.

IV. The trial court abused its discretion by awarding Appellee all of her attorney fees in the amount of $50,097.94.

## Colleen's Cross-Assignments of Error

I. The trial court erred by failing to award Appellee her separate, premarital property interest from the sale of her home in Denver, Colorado which was traced to the marital home.

II. The trial court erred by failing to order the Appellant to transfer all parcels making up the property owned by the parties on Middle Bass Island to Plaintiff-Appellee.