**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Makuch v. Makuch*, **Slip Opinion No. 2024-Ohio-1305.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1305

MAKUCH, APPELLEE, *v.* MAKUCH, APPELLANT, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Makuch v. Makuch*, Slip Opinion No. 2024-Ohio-1305.]**

*S.Ct.Prac.R. 403.(A)—Appeal not accepted for review—Memorandum in support of jurisdiction filed on behalf of appellant deemed frivolous—Imposition of sanctions unnecessary because appellant's counsel has previously been declared to be vexatious litigators and appellee was not represented by counsel and did not file documents in this matter.*

(No. 2023-1212—Submitted February 6, 2024—Decided April 10, 2024.)

APPEAL from the Court of Appeals for Geauga County, No. 2023-G-0007, 2023-Ohio-2729.

_____

**Per Curiam.**

{¶ 1} We decline to accept jurisdiction in this discretionary appeal filed on behalf of appellant, John Makuch III. The purpose of this opinion is not to explain that decision but to explain why the appeal constitutes a frivolous filing.

## I. BACKGROUND

{¶ 2} The underlying case is a divorce proceeding brought by appellee, Jolene K. Makuch, against John in the Geauga County Common Pleas Court. John is represented by Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring (collectively, the "Stafford counsel"), all of whom are attorneys with Stafford Law Co., L.P.A.

{¶ 3} According to John's memorandum in support of jurisdiction, the common pleas court held a trial in the case in April 2022. Jolene represented herself in the case, telling the magistrate that she could not afford representation. John represents that Jolene failed to establish critical facts during her case-in-chief to justify a decision in her favor. In October 2022, after the close of trial, the magistrate issued a decision determining that the common pleas court had jurisdiction over the dispute and that venue was proper there but noting that Jolene had failed to offer evidence regarding the division of marital property, an award of spousal or child support, or an award of attorney fees. The magistrate thus ordered the parties to appear at a hearing so that these and other matters could be considered based on evidence.

{¶ 4} In November 2022, John filed objections to the magistrate's decision, challenging, among other things, the magistrate's ordering the hearing for the parties to present additional evidence. In March 2023, Judge Carolyn J. Paschke issued an entry overruling the objections and adopting the magistrate's decision. Relevant here, Judge Paschke's entry provides: "The parties failed to present sufficient evidence at trial regarding the nature, extent and value of the marital property (and separate property) and debts and their income as required by R.C. 3105.171. It is therefore necessary for this Court to set a future hearing date at which the parties will be required to present complete evidence regarding these matters." Less than a week later, John filed an appeal to the Eleventh District Court of Appeals.

**{¶ 5}** In August 2023, the court of appeals entered a judgment dismissing John's appeal for lack of jurisdiction, determining that Judge Paschke's March 2023 entry was not a final order under R.C. 2505.02(B). The court of appeals explained, "Generally, in a divorce action, no final appealable order exists until all issues relating to property division, support, and parental rights and responsibilities have been addressed pursuant to Civ.R. 75(F)."

**{¶ 6}** In September 2023, John filed in this court his notice of appeal from the court of appeals' judgment and a memorandum in support of jurisdiction. The memorandum presents the following proposition of law: "A domestic relation court's Judgment Entry, sua sponte, reopening trial to provide a pro se litigant a second chance at trial over the other party's objection, is a final, appealable order subject to immediate review and is an abuse of discretion." Jolene did not file a memorandum in opposition.[1]

**{¶ 7}** In December 2023, we sua sponte ordered Joseph G. Stafford, counsel of record for John, to "show cause within 14 days why he should not be sanctioned under S.Ct.Prac.R. 4.03(A) for instituting a frivolous appeal." 172 Ohio St.3d 1440, 2023-Ohio-4695, 223 N.E.3d 1273. Stafford filed two documents in response. First, on January 3, 2024, Stafford filed a motion for clarification. Second, on January 10, 2024, he filed a combined preliminary brief and motion for leave to file a supplemental brief.

**{¶ 8}** This case is not the first instance in which we have issued a show-cause order to Stafford ordering him to explain why he should not be sanctioned for instituting a frivolous filing. *See H.R. v. P.J.E.*, __ Ohio St.3d __, 2023-Ohio-4185, __ N.E.3d __, ¶ 6. In *H.R.*, we determined that the memorandum in support of jurisdiction that the Stafford counsel filed on behalf of H.R. was frivolous,

---

1. In May 2023, Jolene filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Ohio.

reasoning that the proposition of law advanced therein[2] was "neither warranted by existing law nor supported by a good-faith argument for the extension, modification, or reversal of existing law." *Id.* at ¶ 10. As an appropriate resulting sanction, we determined that P.J.E. should be permitted to recoup reasonable attorney fees from the Stafford counsel. *Id.* at ¶ 15. We further declared the Stafford counsel to be vexatious litigators. *Id.* at ¶ 19.

## II. ANALYSIS

### *A. Motion for clarification and motion for leave*

{¶ 9} Stafford has filed a motion for clarification and a motion for leave to file a supplemental brief. The latter motion is necessary, Stafford argues, to enable him to respond to the clarifying entry he asks this court to issue. We deny both motions.

{¶ 10} Starting with the motion for clarification, Stafford asserts that this court should clarify why we directed the show-cause order to him and not someone else. He argues that he "did not prepare, sign, or file the Notice of Appeal or Memorandum in Support of Jurisdiction." Because he did not engage in these acts, Stafford argues, he cannot be sanctioned. In support, he points to S.Ct.Prac.R. 4.03(A), which provides that this court "may impose appropriate sanctions on the person who signed the appeal or action." Stafford also claims that clarification is necessary because the show-cause order does not specify why this court has determined that the appeal is frivolous.

{¶ 11} To begin, Stafford overlooks the fact that he is the presumptive counsel of record in this case. Our rules provide: "When two or more attorneys represent a party, only one attorney shall be designated as counsel of record to

---

2. The proposition of law presented for our review in H.R.'s memorandum in support of jurisdiction was as follows: "A trial court's arbitrary denial of a motion for continuance, when a party is unavailable to attend and/or participate in trial due to known and substantial medical conditions is a final, appealable order subject to immediate review and constitutes an abuse of discretion." *Id.* at ¶ 4.

receive notices and service on behalf of that party. * * * If no attorney is designated counsel of record, the first attorney listed for the party on the cover page of the first document filed shall be considered the counsel of record." S.Ct.Prac.R. 2.03(A).

{¶ 12} The first-filed documents in this matter were John's notice of appeal and memorandum in support of jurisdiction. The cover page of each document identifies in typewritten text, moving from top to bottom, that John's counsel consists of Stafford, Cruz, and Tauring. Neither cover page designates a counsel of record for John; thus, by rule, Stafford is considered counsel of record for John. As counsel of record, Stafford is the designee to whom notices and service are sent in this case. Consistent with S.Ct.Prac.R. 2.03(A), we directed notice of our show-cause order to Stafford.

{¶ 13} Stafford also mistakenly claims that he did not sign the notice of appeal or memorandum in support of jurisdiction. Stafford appears to assume that because Tauring's handwritten signature appears on both documents on pages that follow the cover pages, Tauring is the one who signed the documents. But our rules do not distinguish between typewritten and handwritten signatures, and Stafford cites no authority to support his view that we should attach importance to one type of signature over another. Applying the ordinary meaning of to "sign," we conclude that Stafford signed the documents because his name is affixed to them as the presumptive counsel of record. *See Hitt v. Tressler*, 4 Ohio St.3d 174, 176, 447 N.E.2d 1299 (1983), quoting *Black's Law Dictionary* 1239 (5th Ed.1979) (observing that "the definition of to 'sign' is * * * '[t]o affix one's name to a writing or instrument, for the purpose of authenticating or executing it, or to give it effect as one's act' "); *see also Merriam-Webster's Collegiate Dictionary* 1159 (11th Ed.2020) (to "sign" means "to affix one's name to <[as in] a ~*ed* review >").

{¶ 14} Last, Stafford's professed ignorance about our reasoning for issuing our show-cause order in this case is not credible. To be clear, our show-cause order did not, as Stafford suggests, predetermine that he had instituted a frivolous appeal

warranting sanctions. Rather, it afforded Stafford the opportunity to explain why the appeal should not be construed as frivolous and why sanctions should not be imposed on him. In any event, we are not persuaded by Stafford's claim that he was caught unaware by our order. Notably, Stafford's request for clarification in this case came after our decision in *H.R.*, __ Ohio St.3d __, 2023-Ohio-4185, __ N.E.3d __. The show-cause order issued in *H.R.* centered on a proposition of law resembling the one involved here. A reasonable attorney in Stafford's shoes would plainly know that in light of our determination in *H.R.*, a proposition of law advanced by a member of the Stafford counsel in a future case resembling the proposition of law they advanced in *H.R.* would invite heightened scrutiny from this court.

{¶ 15} In sum, we deny the motion for clarification. And because Stafford predicates his motion for leave to file a supplemental brief on our granting of his motion for clarification, we deny his motion to file a supplemental brief.

*B. Frivolous filing*

{¶ 16} S.Ct.Prac.R. 4.03(A) provides:

> If the Supreme Court, sua sponte or on motion by a party, determines that an appeal or other action is frivolous or is prosecuted for delay, harassment, or any other improper purpose, it may impose appropriate sanctions on the person who signed the appeal or action, a represented party, or both. The sanctions may include an award to the opposing party of reasonable expenses, reasonable attorney fees, costs or double costs, or any other sanction the Supreme Court considers just. An appeal or other action shall be considered frivolous if it is not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.

6

The appeal brought by Stafford in his capacity as counsel of record for John in this case is frivolous because it is neither warranted by existing law nor supported by a good-faith argument for the extension, modification, or reversal of existing law.

**{¶ 17}** It is well settled that a divorce decree is a final, appealable order. *See Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, ¶ 15 (observing that "in the context of a divorce proceeding, Civ.R. 75(F) prohibits a trial court from entering a final judgment unless (1) the judgment divides the parties' property, determines the appropriateness of an order of spousal support, and allocates parental rights and responsibilities, including the payment of child support, or (2) the judgment states that there is no just reason for delay and that the court lacks jurisdiction to determine any issues that remain"). Thus, when a divorce decree "fails to resolve the issues set forth in Civ.R. 75(F), such as property division or spousal/child support issues, [it] is not a final order." *Reeves v. Reeves*, 2016-Ohio-4590, 66 N.E.3d 1152, ¶ 11 (12th Dist.); *see also Hillgrove v. Hillgrove*, 1st Dist. Hamilton No. C-220150, 2023-Ohio-198, ¶ 9-14 (same); *Martinez v. Martinez*, 3d Dist. Seneca No. 13-14-07, 2014-Ohio 4141, ¶ 8-9 (same); *Garvin v. Garvin*, 4th Dist. Jackson No. 02CA23, 2004-Ohio-3626, ¶ 13 (same); *Bringman v. Bringman*, 5th Dist. Knox No. 16CA01, 2016-Ohio-7514, ¶ 25-29 (same); *Kerkay v. Kerkay*, 8th Dist. Cuyahoga No. DR-21-385205, 2023-Ohio-1479, ¶ 7-12 (same); *Simon v. Simon*, 9th Dist. Summit No. 25933, 2012-Ohio-3443, ¶ 11 (same); *Dach v. Homewood*, 10th Dist. Franklin Nos. 12AP-920 and 12AP-930, 2013-Ohio-4340, ¶ 8-9 (same); *Miller v. Miller*, 11th Dist. Portage No. 2003-P-0065, 2003-Ohio-6765, ¶ 3 (same).

**{¶ 18}** John's memorandum in support of jurisdiction completely ignores these principles. Instead, just as H.R.'s memorandum in support of jurisdiction did in *H.R.*, __ Ohio St.3d __, 2023-Ohio-4185, __ N.E.3d __, at ¶ 12, John's memorandum directs us to the manner in which we construed R.C. 2505.02(B) in

*Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239. Indeed, John's analysis under *Thomasson* is quoted verbatim from the analysis contained in H.R.'s jurisdictional memorandum from *H.R.*   We rejected that argument in *H.R.*, saying:

> [H.R.'s] memorandum invokes R.C. 2505.02(B), claiming that the trial court's denial of H.R.'s motion for a continuance is a final order that may be immediately appealed.  In *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, ¶ 1-2, which the Stafford counsel cite, we construed that provision as authorizing an immediate appeal from a trial court's order appointing a guardian ad litem to represent an adult.  Central to this court's analysis was our concern that the trial court's order, which was not preceded by an adjudication of incompetency, prior notice, or an opportunity to be heard, had deprived the adult of her autonomy to direct the litigation, resulting in a denial of her due-process rights.  *Id.* at ¶ 20-21.  Nothing in this case comes remotely close to the question presented in *Thomasson*.

*H.R.* at ¶ 12.  So too here.

{¶ 19} The fact that Jolene proceeded pro se at trial does not, as John's memorandum in support of jurisdiction suggests, change the analysis.  John's memorandum alleges that the common pleas court improperly advocated on Jolene's behalf by instructing her on what evidence to present at trial.  It is true that " 'pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' "  *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Dept. of Job & Family Servs.*, 145 Ohio

App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001). But none of the cases cited by John holds that an otherwise nonfinal order is subject to an immediate appeal based only on how the issuing court treated a pro se litigant.

{¶ 20} Here, as in *H.R.*, "[w]e cannot countenance [Stafford's] failure to acknowledge the body of law directly adverse to the proposition of law advanced in the jurisdictional memorandum," *H.R.* at ¶ 13. Because the proposition of law presented in John's jurisdictional memorandum is neither warranted by existing law nor supported by an argument calling for the modification or overruling of that law, we conclude that the memorandum is frivolous. *See* S.Ct.Prac.R. 4.03(A).

{¶ 21} The arguments set forth in Stafford's response to our show-cause order do not require a different result. Although he did not raise the argument in John's memorandum in support of jurisdiction, Stafford now contends that Judge Paschke's March 2023 entry setting a hearing date is a final, appealable order because it granted a new trial. This argument is meritless.

{¶ 22} R.C. 2505.02(B)(3) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that * * * grants a new trial." We have held under this language that an order granting a new trial is "undoubtedly * * * a final appealable order." *VIL Laser Sys., L.L.C. v. Shiloh Industries, Inc.*, 119 Ohio St.3d 354, 2008-Ohio-3920, 894 N.E.2d 303, ¶ 11.

{¶ 23} In contending that John could appeal the March 2023 entry, Stafford relies on *Colvin v. Abbey's Restaurant, Inc.*, 85 Ohio St.3d 535, 709 N.E.2d 1156 (1999), which explained that an order granting a new trial is a final, appealable order irrespective of whether the order was "precipitated by a motion from one of the parties," *id.* at 539. Because Judge Paschke sua sponte issued an entry setting a hearing date, Stafford reasons that that entry was immediately appealable. As additional support, Stafford cites *Gray v. Youngstown Mun. Ry. Co.*, 160 Ohio St.

511, 117 N.E.2d 27 (1954), and *Green v. Castronova*, 9 Ohio App.2d 156, 223 N.E.2d 641 (7th Dist.1966), which involved grants of new trials.

**{¶ 24}** Stafford's premise is wrong. Judge Paschke did not order a "new trial" in the way that term is used in *Colvin*, *Gray*, and *Green*. In each of those cases, the trial court granted a new trial after the jury returned a verdict that the court found to be problematic. Given the stark factual differences between this case and those cases, we flatly reject Stafford's new-trial-order argument.

**{¶ 25}** Last, Stafford argues that his due-process rights have been violated because the show-cause order lacks an explanation. We have already rejected Stafford's claim that he did not understand what prompted us to issue our show-cause order. Beyond this, he has not clearly articulated a right or interest that he has been deprived of. *See State ex rel. Emhoff v. Medina Cty. Bd. of Elections*, 153 Ohio St.3d 313, 2018-Ohio-1660, 106 N.E.3d 21, ¶ 35 ("the first requirement for a procedural due-process claim is an allegation that one has a right or interest that is entitled to due-process protection"). Even if he had, that argument would fail because he has received notice and a meaningful opportunity to be heard. *See State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 141 Ohio St.3d 113, 2014-Ohio-4364, 22 N.E.3d 1040, ¶ 34 (observing that the essence of due process is notice and a meaningful opportunity to be heard). First, he received notice of the possibility that we might declare the appeal he instituted on John's behalf frivolous and impose sanctions. Second, our show-cause order gave him an opportunity to be heard, of which he availed himself.

### III. CONCLUSION

**{¶ 26}** The appeal brought by Stafford in his capacity as counsel of record for John is frivolous, and we deny Stafford's motions for clarification and for leave to file a supplemental brief. Although our show-cause order contemplated the imposition of sanctions against Stafford, we decline to impose them here. First, it would serve no purpose to declare Stafford to be a vexatious litigator in this case

because we already made this declaration in *H.R.*, __ Ohio St.3d __, 2023-Ohio-4185, __ N.E.3d __, at ¶ 19. Second, unlike in *H.R.*, it would serve no purpose to allow Jolene an opportunity to recoup attorney fees from Stafford, because she does not appear to have retained counsel and has not filed anything in this case.

Judgment accordingly.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, for appellant.

_____