[Cite as *McPherson v. McPherson*, 2025-Ohio-2064.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

TAMMY L. McPHERSON,

Plaintiff-Appellee,

v.

DAVID T. McPHERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 CO 0049**

---

Civil Appeal from the
Court of Common Pleas, Domestic Relations Division, of Columbiana County, Ohio
Case No. 2022 DR 203

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed and Remanded.

---

*Atty. Jacob T. Will,* for Plaintiff-Appellee

*Atty. Troy D. Barnett*, Troy D. Barnett, LLC, for Defendant-Appellant.

Dated:  June 10, 2025

**DICKEY, J.**

{¶1} Appellant, David T. McPherson, appeals from six judgments of the Columbiana County Court of Common Pleas, Domestic Relations Division: (1) November 18, 2024 judgment overruling his objections to a magistrate's decision; (2) April 12, 2024 judgment overruling his motion to vacate, set aside, or modify an interlocutory judgment; (3) April 12, 2024 magistrate's decision regarding his motion to vacate, set aside, or modify; (4) April 12, 2024 judgment granting a divorce to Appellant and Appellee, Tammy L. McPherson; (5) April 12, 2024 magistrate's decision granting the divorce; and (6) September 21, 2022 final divorce decree.

{¶2} On appeal, Appellant raises five assignments of error: (1) the September 21, 2022 judgment is not a final appealable order; (2) the trial court substituted one non-final appealable order (September 21, 2022) for another non-final appealable order (April 12, 2024); (3) the court erred in failing to use the date of the final hearing as the date of termination of the marriage; (4) the spousal support order is not reasonable or appropriate; and (5) the spousal support provision in the separation agreement amounts to overreaching.

{¶3} For the reasons stated, we affirm but remand with an instruction for the trial court to vacate its April 12, 2024 judgment entry granting a divorce to the parties as the final divorce decree in this case was already filed on September 21, 2022.

## FACTS AND PROCEDURAL HISTORY

{¶4} Appellant and Appellee were married on February 17, 2017. No minor children were born as issue of the marriage. From 2019 to 2022, Appellee earned approximately $65,000 to $67,000 per year. Appellant earned about $65,000 in 2021, $51,000 in 2022, and $39,000 in 2023. Appellee filed a complaint for divorce on May 31, 2022. Appellant did not file an answer.

{¶5} A hearing was held before the magistrate on September 20, 2022. Appellee appeared and was represented by counsel. Appellant appeared pro se. The parties had executed an agreement and wished to proceed with an uncontested divorce. The magistrate acknowledged the parties entered into a separation agreement as

encompassed within an agreed judgment, final divorce decree that had been provided to the court.

**{¶6}** Appellee testified that she and Appellant should be granted a divorce because they are incompatible. Appellee said she read, understood, and signed the agreement and that personal property had been exchanged and divided. No real property was owned by either party during the marriage. The agreement also provides for spousal support in the amount of $200 per month for ten years paid by Appellant to Appellee. There is nothing in the record to show that this $200 amount encompassed any type of property division. Appellee was aware that the court would not retain jurisdiction over this issue except as to enforcement.

**{¶7}** Appellant agreed that he and Appellee are incompatible. Appellant said he read, understood, and signed the agreement. Appellant understood that Appellee's attorney did not represent him. Appellant indicated he had enough time to speak to an attorney but, nevertheless, wished to proceed pro se.

**{¶8}** An "Agreed Judgment Entry Final Divorce Decree," signed by both the judge and magistrate, and approved and signed by Appellant, Appellee, and Appellee's counsel, was filed on September 21, 2022 granting the parties a divorce based on incompatibility and stating in part:

> 1. <u>**DURATION OF MARRIAGE**</u>:
>
> The period of time which constitutes the marriage in the present case that is equitable is . . . through September 20, 2022.
>
> . . .
>
> 3. <u>**SPOUSAL SUPPORT**</u>:
>
> [Appellant] shall pay to [Appellee] spousal support in the amount of $200.00 per month, for a period of ten (10) years beginning October 1, 2022. The Court does not retain continuing jurisdiction over this issue.

(9/21/2022 Agreed Judgment Entry Final Divorce Decree, p. 2).

{¶9} On January 5, 2024, Appellee filed a motion to show cause due to Appellant's failure to continue to pay his agreed-upon spousal support. Five days later, the trial court filed a judgment ordering Appellant to show cause why he should not be cited for contempt. Appellant retained counsel and attempted to undo the parties' agreement.

{¶10} On February 9, 2024, Appellant filed verified motions to vacate, set aside, or modify interlocutory judgment entry and for contempt. Appellant believed if he had been represented by counsel from the beginning, he would not have been ordered to pay Appellee spousal support for a duration constituting twice the length of the parties' marriage. On March 28, 2024, Appellee filed a response indicating Appellant was fully advised of his right to have independent counsel but chose to waive that right.

{¶11} On April 12, 2024, two magistrate's decisions and two judgment entries were filed denying Appellant's verified motions and granting the parties a divorce, even though the parties were already granted a divorce on September 21, 2022. On April 25 and 26, 2024, Appellant filed objections seeking to set aside the parties' separation agreement. Appellee filed a response on May 10, 2024. Appellant filed a reply six days later.

{¶12} On November 18, 2024, the trial court filed a judgment denying Appellant's objections, stating:

> . . . The parties had entered into an Agreed Judgment Entry for Final Divorce on September 21, 2022. At the time the agreement was entered into the Magistrate found the agreement had been entered into knowingly and voluntarily and that the agreement was fair and equitable to both parties.
>
> [Appellant] filed a Motion to Vacate, Set Aside, or Modify Interlocutory Judgment Entry. [Appellant] argues the Agreed Judgment Entry signed by both the Magistrate and Judge was not captioned Magistrate's Decision and therefore not in compliance with Ohio Civil Rules. The Court does not find [Appellant's] argument persuasive.

Case No. 24 CO 0049

It is well settled, "a[n] agreed judgment entry is a contract that is reduced to judgment by the court." *Sovak v. Sovak*, 155 Ohio App.3d 479, 801 N.E.2d 896, 2003-Ohio-6717, ¶ 25 citing *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 39, 205 N.E.2d 324 (1974). "Where the parties to a divorce or separation enter into settlement through an agreed entry, the law of contract applies." *Dubinsky v. Dubinsky* (Mar. 9, 1995), Cuyahoga App. No. 66439, 66440, 1995 WL 106119, unreported. Therefore, the Magistrate properly denied [Appellant's] motion.

THIS IS A FINAL APPEALABLE ORDER.

IT IS SO ORDERED.

(11/18/2024 Judgment Entry).

{¶13} Appellant filed a timely appeal and raises five assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ABUSES ITS DISCRETION AND COMMITS PREJUDICIAL ERROR WHEN A CASE IS HEARD BEFORE A MAGISTRATE, NO MAGISTRATE'S DECISION IS CREATED, AND THE MAGISTRATE AND JUDGE BOTH SIGN A JUDGMENT ENTRY THAT DOES NOT CONTAIN OBJECTION LANGUAGE.**

{¶14} In his first assignment of error, Appellant argues the September 21, 2022 "Agreed Judgment Entry Final Divorce Decree" is not a final appealable order. Appellant asserts the trial court erred because no magistrate's decision was created, there was no objection language in the judgment entry, the judgment did not adopt, reject, or modify a magistrate's decision, and the magistrate and judge both signed the entry.

{¶15} "It is well settled that a divorce decree is a final, appealable order." *Makuch v. Makuch*, 2024-Ohio-1305, ¶ 17.

"An agreed judgment entry is a contract that is reduced to judgment by a court." *Sovak . . .* , 2003-Ohio-6717, [at] ¶ 25 (7th Dist.), citing *Spercel*

*. . . ,* 31 Ohio St.2d [at] 39 (1972). "When reviewing a contract, the court's primary role is to ascertain and give effect to the intent of the parties." *Fiscus v. Nordquist*, 2020-Ohio-4730, ¶ 41 (7th Dist.), citing *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.*, 86 Ohio St.3d 270, 273 (1999). "A contract that is, by its terms, clear and unambiguous requires no interpretation or construction and will be given the effect called for by the plain language of the contract." *Fiscus* at ¶ 41, citing *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989). . . .

*Romeo v. Romeo*, 2024-Ohio-5516, ¶ 13 (7th Dist.).

"'An agreed divorce decree, like a separation agreement, is an agreement of the parties that is made an order of the court[,]' and contract principles apply to the interpretation of such agreements[.]" *Miller v. Miller*, 9th Dist. Medina No. 10CA0034-M, 2011-Ohio-4299, ¶ 22, quoting *Zimmer v. Zimmer*, 10th Dist. Franklin No. 00AP383, 2001 WL 185356, *2. The interpretation of a written contract is also a matter of law that we review de novo. *See Rudolph v. Viking International Resources Co., Inc.*, 2017-Ohio-7369, 84 N.E.3d 1066, ¶ 33[.] . . .

*Estate of Coppick*, 2023-Ohio-2279, ¶ 13 (4th Dist.).

{¶16} In this case, the September 21, 2022 "Agreed Judgment Entry Final Divorce Decree" was a final appealable order. *See Makuch*, 2024-Ohio-1305, at ¶ 17.

{¶17} As stated, a hearing was held before the magistrate on September 20, 2022. The parties had executed an agreement and wished to proceed with an uncontested divorce. Thus, there was no hearing regarding contested issues of fact or law. Rather, the hearing merely consisted of an inquiry regarding the existence of the agreement, including the fact that both parties agreed to all of its terms. Accordingly, the magistrate acknowledged the parties entered into a separation agreement as encompassed within the September 21, 2022 "Agreed Judgment Entry Final Divorce Decree." That agreed judgment entry was signed by both the judge and magistrate, and

approved and signed by Appellant, Appellee, and Appellee's counsel, granting the parties a divorce based on incompatibility.

{¶18} No magistrate's decision was issued relating to the divorce proceedings at that time because there was nothing for the magistrate to decide under Civ.R. 53(D) as there was no contested hearing. *See Richmond v. Evans*, 2015-Ohio-870, ¶ 50 (8th Dist.) ("Because the 'contested trial' was not held . . . there was nothing for the magistrate to 'decide'[.] . . . "No testimony or other evidence was presented and no arguments were made before the magistrate that required him to make a decision. The magistrate, therefore, was not required to issue a magistrate's decision.")

{¶19} Appellant's first assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ABUSES ITS DISCRETION AND COMMITS PREJUDICIAL ERROR WHEN IT CREATES A JUDGMENT ENTRY WHICH REQUIRES THE READER TO REFER TO ANOTHER JUDGMENT ENTRY OR DOCUMENT TO DETERMINE WHAT IS ORDERED.**

{¶20} In his second assignment of error, Appellant contends the trial court erred in creating a judgment which requires the reader to refer to another judgment or document in order to determine what was ordered. Specifically, Appellant asserts the court substituted one non-final appealable order (September 21, 2022) for another non-final appealable order (April 12, 2024). Appellant indicates the April 12, 2024 magistrate's decision and the April 12, 2024 judgment entry both require the reader to refer to a separation agreement as encompassed within an "Agreed Judgment Entry Final Divorce Decree" filed on September 21, 2022. Appellant stresses that one must refer to the superseded "Agreed Judgment Entry Final Divorce Decree" and the April 12, 2024 judgment in order to determine what the trial court ordered.

Civ.R. 53(E)(4) guides the court's action on the magistrate's decision. Paragraph (a) states:

Case No. 24 CO 0049

"The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."

The process is similar in the event that written objections to the magistrate's decision are filed. Civ.R. 53(E)(4)(b) states, in pertinent part, that:

"The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter."

The plain dictate of Civ.R. 53(E)(4) is that the court, "if it intends to rely on the rule to enter judgment, must state affirmatively that it adopts the decision of its magistrate, as written or modified by the court." *McClain v. McClain,* 2nd Dist. No. 02CA04, 2002-Ohio-4971, at ¶ 17. "It is fundamental that the trial court employ diction which should include sufficient operative, action-like and conclusionary verbiage to satisfy the foregoing fundamental elements. Obviously, it is not necessary for such directive to be encyclopedic in character, but it should contain clear language to provide basic notice of rights, duties, and obligations." *In re Michael* (1991), 71 Ohio App.3d 727, 730, 595 N.E.2d 397, quoting *Cox v. Cox* (Mar. 15, 1991), Trumbull App. No. 90-T-4396.

"A ruling entered pursuant to Civ.R. 53(E)(4) which merely overrules and/or sustains objections to a magistrate's decision without also adopting it is not a final, appealable order." *McClain, supra*, at ¶ 19. The final determination must sufficiently address those issues so that the parties may know of their rights and obligations by referring only to the judgment entry. *See Michael, supra*. A judgment entry that does not sufficiently adopt the magistrate's decision fails to inform the parties of their rights and fails to satisfy the duty imposed on courts by Civ.R. 53(E)(4).

*Blankenship v. Blankenship*, 2003-Ohio-4551, ¶ 18-23 (4th Dist.); *see also Collins v. Moran*, 2002-Ohio-1536, ¶ 21 (7th Dist.).

> [R]elated to the own-order requirement, "[t]he trial court's entry must sufficiently address the pending issues 'so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry.'" *Keeney* [*v. Keeney*, 2019-Ohio-4098,] at ¶ 5 [(2d Dist.)], quoting *In re Michael*, 71 Ohio App.3d 727, 729-730, 595 N.E.2d 397 (11th Dist.1991). "Where 'the trial court's filing improperly requires the parties to refer to and compare two separate documents to understand their rights and obligations,' the order is not final and appealable." *Id.* at ¶ 5, quoting *Brown v. Burnett*, 2d Dist. Clark No. 2017-CA-86, 2018-Ohio-2328, ¶ 11.

*In re P.L.H.*, 2020-Ohio-7029, ¶ 7 (2d Dist.).

**{¶21}** Appellant takes issue with the April 12, 2024 magistrate's decision and the April 12, 2024 judgment entry, both establishing the parties were incompatible and that a divorce was granted. Specifically, the trial court's judgment entry states in its entirety:

> This matter came on for hearing on the 20th day of September, 2022 upon Plaintiff's Complaint for Divorce. Present in Court were the Plaintiff, Tammy McPherson, with counsel, Attorney Thomas Cranston, as well as the Defendant, David T. McPherson, pro se.

> This Court has examined the findings and Decision of the Magistrate as set out fully below. On the basis of the Magistrate's findings and recommendations, the Court, pursuant to Civil Rule 53(D)(4)(c), hereby adopts the Magistrate's Decision as an Order of the Court. In consideration of the findings and recommendations set out herein, it is the Order, Judgment, and Decree of this Court that the same be and is hereby adopted and approved.

> The Court finds the parties were each residents of the State of Ohio for at least six (6) months and of Columbiana County for at least 90 days

prior to the filing of the Plaintiff's Complaint for Divorce. As such, this matter is properly before the Court.

The Court finds the parties were married on February 17, 2017, in Columbus, Ohio. The Court further finds there are no minor children of this marriage, and that the Petitioner/Wife is not currently pregnant.

The Court finds the parties entered into a Separation Agreement as encompassed within the document entitled "Agreed Judgment Entry, Final Divorce Decree" filed-stamped September 21, 2022. The Court finds said agreement to been [sic] entered into knowingly and voluntarily by both parties and that it is fair and equitable to both parties. As such, said agreement is hereby adopted as an ORDER of the Court. The Court further finds there is spousal support payable by the Defendant to the Plaintiff. The Court further finds that this Court shall not retain jurisdiction over the issue of spousal support.

The Court further finds that the parties agree they are incompatible as husband and wife. As such, Plaintiff is herein granted a divorce to the Defendant on the grounds of incompatibility. Any and all rights arising from the parties' marriage is hereby terminated.

Court costs are taxed to deposit, balance to the Plaintiff as agreed under the parties' Separation Agreement.

(4/12/2024 Judgment Entry, p. 1-2).

**{¶22}** Both parties knew their rights and obligations with respect to the termination of the marital contract. The April 12, 2024 magistrate's decision and judgment entry make reference to the "Agreed Judgment Entry Final Divorce Decree" filed on September 21, 2022. The trial court's April 12, 2024 judgment entry adopted the decision of the magistrate.

**{¶23}** However, the only final appealable order in this case, as addressed, was the September 21, 2022 "Agreed Judgment Entry Final Divorce Decree." *See Makuch*,

Case No. 24 CO 0049

2024-Ohio-1305, at ¶ 17. That agreed judgment, which specifically contained a final divorce decree, is voidable, not void. *See Slowbe v. Slowbe*, 1995 WL 72333, *7 (8th Dist. Dec. 7, 1995) ("A voidable judgment must be vacated via Civ.R. 60(B) or on appeal from that judgment"). Appellant neither requested relief from the September 21, 2022 judgment entry nor filed an appeal from that judgment. Because the judgment is voidable "'it is not a nullity, it cannot be disregarded, it cannot be attacked collaterally, and it remains in full force and effect.'" *Cochenour v. Cochenour*, 2014-Ohio-3128, ¶ 23 (4th Dist.), quoting *Walker v. Walker*, 1987 WL 15591, *5 (9th Dist. Aug. 5, 1987). Thus, the trial court had no jurisdiction to file the subsequent judgments, thereby making them subject to res judicata. *See Myers v. Vandermark*, 2024-Ohio-3205, ¶ 28 (7th Dist.), quoting *Columbus v. Union Cemetery Assoc.*, 45 Ohio St.2d 47, 50 (1976) ("a final judgment or decree upon the merits is deemed to be conclusive of the issues addressed in that case[.]")

{¶24} Because the September 21, 2022 "Agreed Judgment Entry Final Divorce Decree" was a final appealable order, we sustain Appellant's second assignment of error in part. Upon remand, we instruct the trial court to vacate its April 12, 2024 judgment entry granting a divorce to the parties as the final divorce decree in this case was already filed on September 21, 2022.

## ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT ABUSES ITS DISCRETION AND COMMITS PREJUDICIAL ERROR WHEN IT FAILS TO USE THE STATUTORY PRESUMPTION FOR THE DATE OF TERMINATION OF THE MARRIAGE AND FAILS TO STATE ANY EQUITABLE FACTORS THAT MAKE AN ALTERNATIVE DATE APPROPRIATE.**

{¶25} In his third assignment of error, Appellant alleges the trial court erred in failing to terminate the marriage as of the date of the final hearing (September 20, 2022) and in failing to include any equitable factors that make an alternative date appropriate. Appellant indicates the April 12, 2024 judgment is silent as to the date of the termination

of the parties' marriage and it did not address the statutory presumption contained in R.C. 3105.171(A)(2)(a). As such, Appellant posits the date of the divorce is now April 12, 2024.

{¶26} "During the marriage" generally constitutes "the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation[.]" R.C. 3105.171(A)(2)(a).

{¶27} Here, the final hearing terminating the parties' marriage was on September 20, 2022. An "Agreed Judgment Entry Final Divorce Decree," signed by both the judge and magistrate, and approved and signed by Appellant, Appellee, and Appellee's counsel, was filed on September 21, 2022 granting the parties a divorce based on incompatibility and stating in part: "**1. DURATION OF MARRIAGE**: The period of time which constitutes the marriage in the present case that is equitable is . . . through September 20, 2022." (9/21/2022 Agreed Judgment Entry Final Divorce Decree, p. 2).

{¶28} Any motions filed after September 20, 2022 would be considered post-decree motions and would not retroactively change the date of termination of the marriage. Neither party believed nor acted as though they were married between September 20, 2022 and April 12, 2024. In fact, Appellant paid several months of spousal support after September 20, 2022. Contrary to Appellant's assertion, the termination date of the marriage was not April 12, 2024.

{¶29} Appellant's third assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 4

**THE TRIAL COURT COMMITS PREJUDICIAL ERROR AND ABUSES ITS DISCRETION WHEN IT ORDERS SPOUSAL SUPPORT TO BE PAID BY THE LOWER WAGE EARNING SPOUSE FOR TWICE THE LENGTH OF THE MARRIAGE CONTRARY TO STATUTORY FACTORS.**

{¶30} In his fourth assignment of error, Appellant asserts the trial court erred in ordering spousal support to be paid by him (the lower wage earner) for twice the length of the marriage. Appellant believes the spousal support order is not reasonable or appropriate under the statutory factors set forth in R.C. 3105.18(C)(1).

{¶31} R.C. 3105.18, "Spousal support," states in part:

(A) As used in this section, "spousal support" means any payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or a former spouse, that is both for sustenance and for support of the spouse or former spouse. "Spousal support" does not include any payment made to a spouse or former spouse, or to a third party for the benefit of a spouse or former spouse, that is made as part of a division or distribution of property or a distributive award under section 3105.171 of the Revised Code.

(B) In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, *the court of common pleas* may award reasonable spousal support to either party. During the pendency of any divorce, or legal separation proceeding, *the court* may award reasonable temporary spousal support to either party.

An award of spousal support may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, from future income or otherwise, as *the court* considers equitable.

Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise.

(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, *the court* shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that *the court* expressly finds to be relevant and equitable.

(Emphasis added) R.C. 3105.18(A)-(C)(1)(a)-(n).

**{¶32}** Appellant claims the order of spousal support to be paid to Appellee constitutes error. Appellant's reliance on R.C. 3105.18 contemplates that the trial court solely ordered spousal support. It did not. Rather, the parties reached an agreement.

**{¶33}** As stated, a hearing was held before the magistrate on September 20, 2022. The parties had executed an agreement and wished to proceed with an uncontested divorce. The magistrate acknowledged the parties entered into a separation agreement as encompassed within an agreed judgment, final divorce decree that had been provided to the court.

**{¶34}** Appellee testified that she and Appellant should be granted a divorce because they are incompatible. Appellee said she read, understood, and signed the agreement and that personal property had been exchanged and divided. No real property was owned by either party during the marriage. The agreement also provides for spousal support in the amount of $200 per month for ten years paid by Appellant to Appellee.

**{¶35}** Appellant agreed that he and Appellee are incompatible. Appellant said he read, understood, and signed the agreement.

**{¶36}** An "Agreed Judgment Entry Final Divorce Decree," signed by both the judge and magistrate, and approved and signed by Appellant, Appellee, and Appellee's counsel, was filed on September 21, 2022 granting the parties a divorce based on incompatibility and stating in part: "**3. SPOUSAL SUPPORT**: [Appellant] shall pay to [Appellee] spousal support in the amount of $200.00 per month, for a period of ten (10) years beginning October 1, 2022. The Court does not retain continuing jurisdiction over this issue." (9/21/2022 Agreed Judgment Entry Final Divorce Decree, p. 2).

**{¶37}** Thus, the record reveals the trial court did not solely "order" spousal support. Rather, the parties entered into an agreement which included spousal support. The parties agreed that Appellant would pay Appellee spousal support in the amount of $200 per month for a period of ten years. Again, there is nothing in the record to show that this $200 amount encompassed any type of property division. The court adopted

Case No. 24 CO 0049

and approved the spousal support agreement reached by the parties. Because there was no dispute at the final hearing held on September 20, 2022 regarding either the amount or duration of spousal support, Appellant's argument with respect to the R.C. 3105.18 statutory factors is misplaced.

**{¶38}** Appellant's fourth assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 5

**THE SEPARATION AGREEMENT, AND PARTICULARLY THE SPOUSAL SUPPORT PROVISION, IS THE PRODUCT OF OVERREACHING AND IT WAS BOTH AN ABUSE OF DISCRETION AND PREJUDICIAL ERROR FOR THE COURT TO APPROVE IT.**

**{¶39}** In his fifth assignment of error, Appellant maintains the spousal support provision in the separation agreement amounts to overreaching. Appellant stresses the inequitable separation agreement was provided to him (an unrepresented party) for the first time at the hearing in which Appellee was represented and where her attorney prepared the agreement.

> [A] "[s]eparation agreement is a contract and is subject to the same rules of construction as other contracts." *Polish v. Polish*, 7th Dist. No. 99–CA–101, 2001–Ohio–3235, *2. . . . "[W]hen the terms of a separation agreement are clear and unambiguous, the words used must be given their plain and ordinary meaning and a court must give effect to the agreement's expressed terms." *Gratzmiller* [*v. Gratzmiller*, 2007-Ohio-4987]*, ¶ 12 [(7th Dist.)], citing *Wittstein v. Wittstein,* 12th Dist. No. CA2006–03–013, 2006–Ohio–6707, at ¶ 8.

*Barrett v. Barrett*, 2017-Ohio-7562, ¶ 5 (7th Dist.).

**{¶40}** "'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" *Givens v. Longwell*, 2024-Ohio-948, ¶ 34 (7th Dist.), quoting *State ex rel. Neil v. French*, 2018-Ohio-2692.

Case No. 24 CO 0049

"[A]n agreement signed without counsel is not per se invalid, and mere regret at an unwise decision does not establish duress, coercion, fraud or overreaching." *Fletcher v. Fletcher,* 68 Ohio St.3d 464, 470, 628 N.E.2d 1343 (1994). By appearing pro se, [an Appellant's] lack of knowledge of the law does not serve as a basis for relief from judgment because pro se litigants must accept the results of their errors and are "'presumed to have knowledge of the law and of correct legal procedure, and (are) held to the same standard as all other litigants.'" *Wallace v. Rocky River*, 8th Dist. Cuyahoga No. 80182, 2002-Ohio-3901, ¶ 17, quoting, *Jones Concrete, Inc. v. Thomas*, 9th Dist. Medina No. 2957-M, 1999 WL 1260308, 1999 Ohio App. LEXIS 6151 (Dec. 22, 1999). Further, courts need not relieve litigants of decisions they may later regret. *E.g., Ohio Savs. Bank v. Sabatino*, 9th Dist. Summit No. 15991, 1993 WL 243804, 2, 1993 Ohio App. LEXIS 3480, 5 (July 7, 1993) ("Civ.R. 60(B)(1) does not provide relief for litigants who are careless or ignorant."). . . .

*H.G. v. E.G.*, 2022-Ohio-2585, ¶ 21 (7th Dist.).

**{¶41}** The record reveals Appellant knowingly, voluntarily, and intelligently entered into an agreement to pay Appellee spousal support and waived his right to have independent counsel. There is no evidence that Appellant's will was overborne.

**{¶42}** Again, at the September 20, 2022 uncontested hearing, Appellant agreed that he and Appellee are incompatible. Appellant said he read, understood, and signed the agreement. Appellant understood that Appellee's attorney did not represent him. Appellant indicated he had enough time to speak to an attorney but, nevertheless, wished to proceed pro se. Thus, the agreement is not invalid. Appellant's current regret does not establish duress, coercion, fraud or overreaching based on the facts presented. *See H.G.*, 2022-Ohio-2585, at ¶ 21 (7th Dist.).

**{¶43}** Appellant's fifth assignment of error is without merit.

**CONCLUSION**

{¶44} For the foregoing reasons, Appellant's assignments of error are not well-taken. The judgments of the Columbiana County Court of Common Pleas, Domestic Relations Division, are affirmed, but the matter is remanded for the trial court to vacate its April 12, 2024 judgment entry purporting to grant a divorce to the parties as the final divorce decree in this case was already filed on September 21, 2022.

Waite, J., concurs.

Robb, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgments of the Court of Common Pleas, Domestic Relations Division, of Columbiana County, Ohio, are affirmed. We hereby remand this matter to the trial court to vacate its April 12, 2024 judgment entry granting a divorce to the parties as the final divorce decree in this case was already filed on September 21, 2022. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**